UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS EDISON and JESSICA EDISON,<br><br>    Plaintiffs,<br><br>vs.<br><br>HOME DEPOT USA, INC. and<br>JOHN DOE,<br><br>    Defendants. | CASE NO. _____<br><br>St. Charles County Circuit Court<br>Cause No. 2111-CC01008<br><br><br>**DEFENDANT HOME DEPOT USA, INC.'S NOTICE OF REMOVAL** |

Defendant Home Depot U.S.A., Inc. (referred to herein as "Home Depot"), pursuant to 28 U.S.C. section 1441 *et seq.*, files this notice of removal, and in support states as follows:

Plaintiffs Nicholas Edison and Jessica Edison commenced a civil action captioned *Nicholas Edison and Jessica Edison, Plaintiffs, vs. Home Depot U.S.A., Inc., and John Doe, Defendants,* in the Missouri Circuit Court for St. Charles County, Case No. 2111-CC01008 (the "State Court Action"). Plaintiffs served Home Depot through its registered agent on November 19, 2021. As such, Home Depot's removal is timely pursuant to 28 U.S.C. section 1446(b)(1). A copy of Plaintiffs' Summons, Petition for Damages, and Return of Service are attached to this Notice and constitute all process, pleadings, and orders filed in the State Court Action.

In the State Court Action, as set forth in the Petition, Plaintiffs claim that Plaintiff Nicholas Edison was injured in an incident at the Home Depot store in Wentzville, Missouri on April 20, 2020. Plaintiffs seek compensation for their injuries and damages.

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 for the reasons set forth below:

   a. **Complete diversity exists**.

1

The following statements were true on <u>both</u> the date that Plaintiffs filed their Petition (November 8, 2021) and the date that Home Depot filed its notice of removal (December 17, 2021):

1. Plaintiffs are residents of Warren County, Missouri. (Plaintiffs' Petition, Paragraphs 1-2).

2. Defendant Home Depot is incorporated in the State of Delaware, with its principal place of business is in the State of Georgia. *See* 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of the state of its incorporation and the state of its principal place of business).

3. Defendant "John Doe" is not yet identified. "Mere allegations of citizenship of an as yet unidentified John Doe will not suffice to prevent removal". *Portis v. Sears, Roebuck & Co.*, 621 F.Supp. 682, at 683 (E.D. Missouri 1985).

   b. **The amount in controversy exceeds $75,000.00**.

Based on the content of Plaintiffs' Petition, Home Depot believes in good faith that the amount in controversy exceeds $75,000.00, exclusive of costs and interest. Home Depot satisfies its burden to prove that the amount in controversy exceeds $75,000.00 even though an amount of damages is not specified in Plaintiffs' Petition. *See Kaufman v. Costco Wholesale Corp.*, 571 F.Supp.2d 1061, 1063 (D. Minn. 2008) (*citing In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003) (Where the Plaintiff does not allege a specific amount in the petition, the removing party bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00). In the Eighth Circuit, the amount in controversy is measured by the "value to the plaintiff of the right sought to be enforced." *Advance Am. Servicing of Ark. V. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008). *See also Hartridge v. Aetna Cas. & Surety Co.*, 415 F.2d 809, 815 (8th Cir. 1969) (the amount in controversy is the amount that the complainant seeks to recover or the sum that defendant will lose if

the complainant wins the suit).  In other words, the amount in controversy is the amount that Plaintiffs will seek from a jury in this matter.

Although Home Depot denies liability, Home Depot believes that Plaintiffs will seek from a jury an amount greater than $75,000.00.  *See Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 821 (8th Cir. 2011) (*quoting In re Reisenberg*, 208 U.S. 90, 107-08 (1908)) ("Jurisdiction does not depend upon the fact that the defendant denies the existence of the claim made, or its amount or validity").  Plaintiffs claim that Nicholas Edison suffered significant and permanent crush injuries to his lower back that required extensive medical treatment including surgery.  They have submitted medical bills totaling over $100,000, a lost wage claim of over $10,000, and an initial settlement demand that is over ten times the amount in controversy requirement.

WHEREFORE, Defendant, Home Depot U.S.A., Inc. hereby removes the State Court Action to this Honorable Court.

*/s/ Edward W. Zeidler II*
_____
Edward W. Zeidler II  #56638
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, Missouri  63101-2501
(314) 421-3400
(314) 421-3128 (Fax)
ezeidler@bjpc.com

**LEDERER WESTON CRAIG PLC**

Benjamin M. Weston (*pro hac vice pending*)
4401 Westown Parkway, Suite 212
West Des Moines, Iowa  50266
Phone: (515)224-3911
Fax:    (515)224-2698
E-mail:  bweston@lwclawyers.com

***ATTORNEYS FOR DEFENDANT HOME DEPOT U.S.A., INC.***

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 17, 2021, I electronically filed the foregoing with the Clerk of the U.S. District Court for the Eastern District of Missouri, using the ECF system which will send notification of such filing to the following:

Megen I. Hoffman
Rick Barry
LAW OFFICES OF RICKY BARRY, P.C.
1034 S. Brentwood Blvd, Suite 1301
St. Louis, MO  63117
E-mail: megens@rickbarrypc.com
rickbarry@rickbarrypc.com

  **ATTORNEYS FOR PLAINTIFF**

_____
Edward W. Zeidler II