IN THE CIRCUIT COURT OF ST. CHARLES COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| NICHOLAS EDISON, | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| JESSICA EDISON, | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No.: |
| | ) | |
| v. | ) | Division No.: |
| | ) | |
| HOME DEPOT, USA, INC. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Serve at: | ) | |
| Registered Agent | ) | |
| CSC-LAWYERS | ) | |
| INCORPORATING SERVICE | ) | |
| COMPANY | ) | |
| 221 BOLIVAR ST | ) | |
| JEFFERSON CITY, MO | ) | |
| 65101 | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Hold Service | ) | |
| | ) | |
| Defendants. | ) | |

## PETITION

COME NOW Plaintiff Nicholas and Jessica Edison, and for their Petition against

Defendants, state as follows.

### PARTIES AND JURISDICTION

1.  Plaintiff Nicholas Edison is a resident of Warren County, State of Missouri, and is

legally married to Plaintiff Jessica Edison.

1

2. Plaintiff Jessica Edison is a resident of Warren County, State of Missouri, and is legally married to Plaintiff Nicholas Edison.

3. Upon information and belief, Defendant John Doe is a resident of Missouri.

4. Defendant Home Depot USA, Inc. is and was a foreign corporation, registered and existing under the laws of the State of Missouri.

5. Venue is proper in St. Charles County, State of Missouri, as the incident occurred in Wentzville, MO.

6. Jurisdiction is proper in this Court, as Plaintiffs' damages exceed $25,000.00.

## COMMON FACTUAL ALLEGATIONS

7. Plaintiffs do hereby incorporate by reference each and every allegation contained in Paragraphs 1-6, as if fully set forth herein.

8. On April 20, 2020, Plaintiffs were customers at the Home Depot store located in Wentzville, MO.

9. Plaintiffs picked out some landscaping bricks while at Home Depot, which were going to be loaded onto their truck by one of Home Depot's forklift operators.

10. John Doe, an employee of Home Depot, indicated he would assist Plaintiffs in loading the landscaping bricks into their truck, using a forklift.

2

11. Plaintiff Nicholas Edison agreed to be John Doe's spotter while he operated the forklift, since John Doe claimed no other Home Depot employees available at the time to act as John Doe's spotter.

12. John Doe began to lift the pallet of landscaping bricks into Plaintiffs' vehicle with the forklift.

13. As John Doe moved the forklift towards Plaintiffs' truck, he began to smash the camper shell which was on Plaintiffs' truck bed, with the tines of the forklift as well as the palette the forklift was holding.

14. Plaintiff Nicholas Edison shouted for John Doe to stop, and instructed him to back up the forklift, so they could straighten it out before trying again to load the palette onto the truck.

15. After John Doe had backed the forklift away from the Plaintiff's truck, Plaintiff Nicholas Edison told John Doe to "wait a minute" while he removed something from the truck bed which had been disturbed when John Doe had initially attempted to unload the pallet of landscaping bricks onto the truck.

16. As Plaintiff Nicholas Edison's body was stretched into the truck bed, John Doe moved the forklift forward, crushing Plaintiff Nicholas Edison's body against the truck bed and the palette, pinning him in place.

17. Plaintiff Nicholas Edison reported the incident and his injuries to Defendant

3

Home Depot that same day.

18. Several weeks after the April 20, 2020 incident, Plaintiffs were at the same Home Depot store.

19. Plaintiffs witnessed Defendant John Doe operating the same forklift, driving it down the aisle in which they were shopping.

20. Defendant John Doe was operating the forklift with what appeared to be two (2) Home Depot employees acting as spotters.

21. As Defendant John Doe drove the forklift down the aisle, he continued in the path of Plaintiffs, and got so close to Plaintiff Jessica Edison with the tines of the forklift, Plaintiff Nicholas Edison had to forcefully push her out of the way to prevent her from getting struck.

22. Plaintiffs informed Home Depot of the second incident, and were told by a manager that Defendant John Doe would not be permitted to operate a forklift in the future.

23. As a result of Home Depot and John Doe's negligence, Plaintiff Nicholas Edison has suffered severe, debilitating injuries.

24. As a result of Plaintiff Nicholas Edison's injuries, Plaintiff Jessica Edison was made to suffer a loss of consortium with her husband and emotional distress as a result of Defendants' actions.

## COUNT I-NEGLIGENT TRAINING

4

25. Plaintiffs do hereby incorporate by reference all allegations contained in Paragraphs 1-23, as if fully set forth herein.

26. Defendant Home Depot owed a duty to Plaintiffs to exercise reasonable care in training its employee, specifically Defendant John Doe.

27. Defendant Home Depot breached that duty when it failed to provide proper training to Defendant John Doe in the operation of a forklift.

28. Defendant Home Depot further breached that duty by failing to ensure Defendant John Doe had proper forklift operator certification before allowing him to operate the forklift at the store.

29. Defendant Home Depot's breach proximately caused the Plaintiffs' injuries in that its failure to properly train Defendant John Doe resulted in the negligent operation of a forklift, causing Plaintiff Nicholas Edison to be pinned between his truck bed and the forklift/palette.

30. As a direct result of Defendant Home Depot's breach, Plaintiff Nicholas Edison was made to suffer injuries, as follows:

    a) Injury to his lower back, which resulted in damaging the hardware placed in Plaintiff's lower back from a prior surgery, thereby causing Plaintiff Nicholas Edison to have to undergo an additional surgery, injections, and physical therapy;

    b) Injury to his right shoulder, which required two surgeries to repair, and physical therapy;

    c) Crush injury to his chest wall;

    d) Lost wages;

    e) Loss of enjoyment of life;

Electronically Filed - St Charles Circuit Div - November 08, 2021 - 09:54 AM

f) Pain and suffering.

31. As a direct result of Defendant Home Depot's breach, Plaintiff Jessica Edison was made to suffer injuries, as follows:

a) Extreme stress and anxiety requiring medical treatment;

b) Loss of consortium with her husband, Plaintiff Nicholas Edison.

WHEREFORE, Plaintiffs seek judgment against Defendant Home Depot on Count I of their Petition, for their costs, and for such further relief as the Court deems just and necessary under the facts and circumstance of this cause.

## COUNT II-NEGLIGENCE AGAINST DEFENDANTS

32. Plaintiffs do hereby incorporate each and every allegation contained in Paragraphs 1-31, as if fully set forth herein.

33. At all times relevant hereto, Defendant John Doe, was acting in the scope and course of his employment with Defendant Home Depot.

34. Defendants had a duty to exercise the highest degree of care when operating the forklift, particularly when it was being operated in the vicinity of customers, such as Plaintiffs.

35. Defendants breached their duty by failing to operate the forklift in a safe manner, failing to keep a proper lookout for customers, including Plaintiffs, and by striking Plaintiff Nick Edison with the forklift.

36. As a direct result of Defendant Home Depot and John Doe's breach, Plaintiff Nicholas Edison was made to suffer injuries, as follows:

a) Injury to his lower back, which resulted in damaging the hardware

        inserted in Plaintiff's lower back from a prior surgery, thereby causing Plaintiff Nicholas Edison to have to undergo an additional surgery, injections, and physical therapy;

    b)    Injury to his right shoulder, which required two surgeries to repair, and physical therapy;

    c)    Crush injury to his chest wall;

    d)    Lost wages;

    e)    Loss of enjoyment of life;

    f)    Mental anguish; and

    g)    Pain and suffering.

37. As a direct result of Defendant Home Depot and John Doe's breach, Plaintiff Jessica Edison was made to suffer injuries, as follows:

    a)    Extreme stress and anxiety requiring medical treatment;

    b)    Loss of consortium with her husband Plaintiff Nicholas Edison.

WHEREFORE, Plaintiffs seek judgment against Defendant Home Depot and Defendant John Doe on Count II of their Petition, for their costs, and for such further relief as the Court deems just and necessary under the facts and circumstance of this cause.

Electronically Filed - St Charles Circuit Div - November 08, 2021 - 09:54 AM

Respectfully Submitted,

LAW OFFICES OF RICK BARRY, P.C.

By: /s/ Megen I. Hoffman
RICK BARRY, MBE # 25592
MEGEN I. HOFFMAN, MBE#58772
Attorneys for Plaintiff
1034 S. Brentwood Blvd., Suite 1301
St. Louis, MO 63117
Phone: (314)918-8900
Fax: (314)918-8901
rickbarry@rickbarrypc.com
megens@rickbarrypc.com