# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| NICHOLAS EDISON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 4:21-cv-01485-SEP |
| ) | |
| HOME DEPOT USA, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court *sua sponte*. The Court has reviewed the parties' alleged basis for jurisdiction in this Court, and for the reasons set forth below, orders Defendant Home Depot to submit a memorandum describing the basis upon which it believes this Court may properly exercise federal diversity jurisdiction within fourteen (14) days of the date of this Memorandum and Order.

Plaintiffs Nicholas and Jessica Edison filed this action in the Circuit Court of St. Charles County, Missouri, on November 8, 2021, alleging claims against Defendants Home Depot USA, Inc., and an unidentified John Doe. Doc. [1-3] at 1, Doc. [4]. On December 17, 2021, Defendant Home Depot removed the case to this Court, asserting that this Court may properly exercise jurisdiction over the matter pursuant to 28 U.S.C. § 1332. Doc. [2] at 1. Specifically, Defendant Home Depot contended that, because John Doe was "not yet identified," allegations as to his or her citizenship could not prevent removal. *Id.* at 2. Therefore, the requirements of diversity jurisdiction were satisfied,[1] Defendant argued, because Plaintiffs "are residents of Warren County, Missouri," and Defendant Home Depot is a citizen of Delaware and Georgia. *Id.* At the Court's Rule 16 Conference on April 20, 2022, the Court expressed concern regarding John Doe's unascertained citizenship. *See Lee v. Airgas Mid-South, Inc.*, 793 F.3d 894, 899 (8th Cir. 2015) ("[T]he diverse citizenship of the fictitious defendants must be established . . . in order to continue a federal court action."). Accordingly, the Court ordered Defendant Home Depot to "submit information to the Court regarding its basis for removal to this Court and the citizenship

---

[1] Defendant Home Depot's Notice of Removal did establish the second element of diversity jurisdiction under 28 U.S.C. § 1332(a): that the amount in controversy exceeds $75,000. *See* Doc. [1] at 2.

1

of John Doe." Doc. [14]. Defendant Home Depot provided the supplemental information on April 25, 2022, notifying the Court that "John Doe" was identified as Cameron Tabors, who "is a resident of O'Fallon, Missouri." Doc. [16] at 1.

A Defendant may remove an action from state court to federal court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. Under 28 U.S.C. §1332, federal diversity jurisdiction "requires an amount in controversy greater than $75,000 and complete diversity of the litigants." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). "Complete diversity of citizenships exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Id.* Litigants may not confer subject matter jurisdiction by consent or agreement. *See e.g.*, *Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 396 (8th Cir. 2011). Because federal courts are courts of limited jurisdiction, they "are obligated to raise the issue of subject matter jurisdiction *sua sponte*." *Crawford v. F. Hoffman-La Roche, Ltd.*, 267 F.3d 760, 764 n.2 (8th Cir. 2001).

In Plaintiffs' Complaint, and in Defendant's Notice of Removal, the parties assert that Plaintiffs are "residents" of Warrant County, Missouri. Doc. [1] at 2; Doc. [4] ¶¶ 1, 2. Defendant Home Depot is incorporated in Delaware and has its principal place of business in Georgia, Doc. [1] at 2, making it a citizen of both states for purposes of a diversity of citizenship analysis. 28 U.S.C. §1332(c)(1). Defendant Home Depot identified Defendant John Doe, against whom Plaintiff's assert a negligence claim, as Cameron Tabers. Doc. [16]. According to Home Depot, Mr. Tabers is a "resident of O'Fallon, Missouri." *Id.* Doc. [16].

Those facts, as alleged in Plaintiffs' Complaint, Defendant Home Depot's Notice of Removal, and the supplemental response to the Court regarding John Doe's citizenship, do not establish the parties' *citizenship*. Therefore, the Court cannot properly evaluate whether it has subject matter jurisdiction over this case. Alleging that an individual is a "resident" of a state is not sufficient to determine his or her citizenship for purposes of 28 U.S.C. § 1332(a). *Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777-78 (8th Cir. 2014) ("Because of this ambiguity in the word 'resident'—as compared to 'citizen' and the unambiguous 'reside'—we cannot satisfy ourselves that diversity jurisdiction is proper based solely on an allegation a party is (or was) a 'resident' of a particular state"); *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) (noting that the term "citizen" in 28 U.S.C. § 1332 "has long meant something different from resident'").

2

In light of the deficiencies in the parties' filings with respect to the citizenship of the litigants, the Court orders Defendant Home Depot to provide the Court with a memorandum detailing the *citizenship* of the Plaintiffs Nicholas and Jessica Edison and Defendant Cameron Tabers within fourteen (14) days of this Order.  *See In Re Business Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (a party seeking removal bears the burden of establishing federal subject matter jurisdiction).  At that time, the Court will evaluate whether the complete diversity requirements of 28 U.S.C. § 1332(a) are satisfied, or it is necessary to remand the case to the Circuit Court of Saint Charles County pursuant to 28 U.S.C. § 1447.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Home Depot shall file a memorandum with the Court within fourteen (14) days of this Memorandum and Order informing the Court of the citizenship of Plaintiffs Nicholas and Jessica Edison and Defendant Cameron Tabers.

Dated this 2nd day of June, 2022.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE